Filed: 1/21/2022 3:38 PM
Lynne Finley
District Clerk
Collin County, Texas
By Claudia Gomez Deputy
Envelope ID: 61045313

CAUSE NO. 366-04075-2021

| | | |
|---|---|---|
| DEBORAH PIEROT-CRAWFORD | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 366th JUDICIAL DISTRICT |
| | § | |
| RUIXIANG DIAO AND ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION

Plaintiff Deborah Pierot-Crawford ("Plaintiff") files this First Amended Original Petition complaining of Defendant Ruixiang Diao and Defendant Allstate Fire and Casualty Insurance Company ("Defendants") and for cause of action states the following:

### DISCOVERY CONTROL PLAN

1. Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiff states that discovery in this cause is intended to be conducted under Level 3.

### JURY DEMAND

2. Pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure, Plaintiff requests a jury trial of this matter. Accordingly, Plaintiff has previously tendered the proper jury fee with the filing of Plaintiff's Original Petition.

### PARTIES

3. Plaintiff Deborah Pierot-Crawford is an individual residing in Collin County, Texas. The last three digits of her driver's license are 960 and the last three digits of her social security number are 528.

4. Defendant Ruixiang Diao has answered and appeared through counsel, John W Stillwell, Law Office of John Stillwell, PLLC. 6213 Chapel Hill, Suite B, Plano, Texas 75093.

5. Defendant Allstate Fire and Casualty Insurance Company is an entity doing business in Texas and may be served delivering a copy of the citation directed to its registered agent for service of process, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## VENUE AND JURISDICTION

6. Venue is proper in this Court by virtue of Tex. Civ. Prac. & Rem. Code §15.002(a). Furthermore, this Court has jurisdiction in that the damages being sought are within the jurisdictional limits of this Court.

## FACTS

7. This lawsuit is based on a motor vehicular collision occurring on or about 4/8/2019 at or near the 5955 block of Summerside Drive, Dallas, Texas (hereinafter referred to as "The Collision").

8. The Collision was proximately caused by the negligence and / or negligence *per se* of the Inadequately Insured Driver Defendant Ruixiang Diao. Defendant Ruixiang Diao is inadequately insured as defined through Plaintiff's Insurance Policy with Defendant Allstate Fire and Casualty Insurance Company.

9. Defendant Allstate Fire and Casualty Insurance Company issued an insurance policy that provided coverage to Plaintiff for all damages incurred in a motor-vehicle collision wherein damages are sustained as a result of an insufficiently insured negligent party (hereinafter referred to as "The Insurance Policy"). Defendant Allstate Fire and Casualty Insurance Company has refused to offer the benefits due to Plaintiff under The Insurance Policy.

## CAUSES OF ACTION

### Negligence and / or Negligence *Per Se*

10. At the time of The Collision, Inadequately Insured Driver Defendant Ruixiang Diao was negligent and / or negligent *per se* in one or more of the following particulars:

    a. In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;
    b. In failing to timely apply the brakes of his vehicle in order to avoid the collision in question;
    c. In driving a vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;
    d. In failing to yield the right-of-way;
    e. In failing to maintain his vehicle under control;
    f. In following too closely;
    g. In disregarding traffic signals;
    h. In failing to take proper evasive action;
    i. In driving while inattentive;
    j. In driving while looking at his cell phone, texting, emailing, or otherwise using a cellular device which diverted his attention from the road in front of him; and
    k. In violating Texas Transportation Code Section 545.4251 (use of portable wireless communication device for electronic messaging).

11. Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence and / or negligence *per se*, which proximately caused The Collision and Plaintiff's injuries and damages.

## PETITION FOR DECLARATORY RELIEF

12. Based on the foregoing facts and pursuant to the policy of insurance in force and effect between Plaintiff and Defendant Allstate Fire and Casualty Insurance Company at the time of The Collision, Plaintiff seeks a declaratory judgment pursuant to Texas Civil Practice and Remedies Code § 37.001 *et seq*. Plaintiff seeks a declaration construing the contract of insurance and declaring Plaintiff's rights to under-insured motorist coverage. Specifically, that Plaintiff is entitled to uninsured/ under-insured benefits as a result of The Collision. Additionally, Plaintiff seeks attorneys' fees pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code.

13. Plaintiff also seeks a finding that the Inadequately Insured Driver Ruixiang Diao is an under-insured motorist under The Insurance Policy, that Plaintiff is entitled to recover from Defendant Allstate Fire and Casualty Insurance Company, Plaintiff's damages resulting from The Collision, that Plaintiff's damages fall within the coverage afforded Plaintiff under the Insurance Policy with Defendant Allstate Fire and Casualty Insurance Company, and specifying the amount of damages, attorneys' fees, interest, and court costs that Defendant Allstate Fire and Casualty Insurance Company is obligated to pay.

14. Plaintiff has complied with all the terms of the policy as a condition precedent to bringing the suit.

## PERSONAL INJURIES AND DAMAGES

15. As a result of Inadequately Insured Driver Defendant Ruixiang Diao's negligent actions, Deborah Pierot-Crawford suffered personal injuries. Consequently, Deborah Pierot-Crawford seeks recovery of the following damages:

   a. <u>Medical Expenses</u>: Deborah Pierot-Crawford incurred bodily injuries which were caused by The Collision and Deborah Pierot-Crawford incurred medical expenses for treatment of such injuries. Deborah Pierot-Crawford believes that, in reasonable medical probability such injuries will require the need for future medical care.

   b. <u>Physical Pain</u>: Deborah Pierot-Crawford endured physical pain as a result of the personal injuries sustained in The Collision and reasonably anticipates such pain will continue in the future.

   c. <u>Mental Anguish</u>: Deborah Pierot-Crawford endured mental anguish as a result of the personal injuries sustained in The Collision and reasonably anticipates such mental anguish will continue in the future.

   d. <u>Disfigurement</u>: Deborah Pierot-Crawford endured disfigurement as a result of the personal injuries sustained in The Collision and reasonably anticipates such will continue in the future.

   e. <u>Impairment</u>: Deborah Pierot-Crawford endured physical impairment as a

result of the personal injuries sustained in The Collision and reasonably anticipates such will continue in the future.

## AGGRAVATION

16. In the alternative, if it be shown that the Plaintiff suffered from any pre-existing injury, disease and/or condition at the time of the incident made the basis of the lawsuit, then such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of the Inadequately Insured Driver Defendant Ruixiang Diao.

## PROPERTY DAMAGE

17. As a proximate result of the above-detailed conduct on the part of the Inadequately Insured Driver Defendant Ruixiang Diao, the vehicle Plaintiff was in at the time of the collision was damaged in an amount in excess of the jurisdictional limits of this Court, for which the Defendant is hereby sued and recovery is sought.

## U.S. LIFE TABLES

18. Notice is hereby given to the Defendants that Plaintiff intends to use the U. S. Life Tables as published by the Department of Health and Human Services - National Vital Statistics Report in the trial of this matter. Plaintiff requests that this Honorable Court take judicial notice of those rules, regulations, and statutes of the United States and the State of Texas, pursuant to Texas Rule of Evidence 201 and 1005.

## RELIEF SOUGHT

19. Pursuant to Texas Rules of Civil Procedure 193.7, notice is hereby given of the intention to use any of the documents exchanged and/or produced between any party during the trial of this case. All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

20. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff states that Plaintiff seeks monetary relief in excess of $250,000, but less than $1,000,000. As discovery takes place and testimony is given, Plaintiff will be in a better position to give the maximum amount of damages sought.

21. Plaintiff requests that Defendants be cited to appear and answer, and that this case be tried after which Plaintiff recover:

    a. Judgment against Defendants for a sum within the jurisdictional limits of this Court for the damages set forth herein;
    b. Pre-judgment interest at the maximum amount allowed by law;
    c. Post-judgment interest at the maximum rate allowed by law;
    d. Costs of suit; and
    e. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Ryan J Browne*
Ryan J Browne
State Bar No. 00796262
**REYES | BROWNE | REILLEY**
8222 Douglas Avenue, Suite 400
Dallas, TX 75225
214-526-7900 Telephone
214-526-7910 Facsimile
E-mail: ryan@reyeslaw.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served on all counsel of record on the 21st day of January 2022.

*/s/ Ryan J Browne*
Ryan J Browne